[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter, the plaintiff, Wilbur W. Dinegar, is appealing the order of the Probate Court for the District of Haddam declaring that Connecticut State Employees Credit Union (CSECU) Number 2532110 is not an asset of the probate estate of Jean V. R. Dinegar, legal title having vested in the survivor, the defendant, Joseph R. Dinegar, upon her heath on December 9, 1993.
After a full trial, de novo, all parties present and/or represented by counsel and based upon the credible, relevant, reliable and legally admissible evidence and the reasonable, rational and lawful inferences to be drawn therefrom, the court finds, determines and rules as follows:
The plaintiff, Wilbur W. Dinegar, is the husband of Jean V. R. Dinegar and the administrator of her estate.
The defendant, Joseph R. Dinegar, is the son of the defendant Jean V. R. Dinegar.
The defendant, Harriet D. Milks, is the daughter of the decedent, Jean V. R. Dinegar.
CT Page 14465 The plaintiff and the defendants are also heirs at law of the decedent.
After a full hearing on the defendants', Joseph R. Dinegar's application to determine ownership of CSECU Account #2532110 and the plaintiffs motion to dismiss same the probate court (Bennet, J.) ordered and decreed as follows:
"The motion to dismiss is denied.
 Connecticut State Employees Credit Union Account Number is not an asset of the probate estate of Jean V.R. Dinegar, legal title having vested in the survivor, Joseph R. Dinegar, upon the death of the decedent.
 The Administrator is ordered to file a revised inventory omitting said bank account and an amended final account within thirty days of the date hereof."
The plaintiff disagreed and the appeal from probate was filed.
On July 6, 1993, Joseph Dinegar and his mother opened a joint share account, CSECU Number 2532110 in the amount of $125,304.80.
The joint share agreement states in part that, "The joint owners of this account, hereby agree with each other and with said Credit Union that all sums now paid in on shares, or heretofore or hereafter paid in on shares, by any or all of said joint owners with all accumulations thereon . . . are and shall be owned by them jointly, with right or survivorship and shall be subject to the withdrawal or receipt of any of them, and payment to any of them, or the survivor or survivors shall be valid . . ."
The plaintiff and the defendant, Harriet D. Milks, contend that the decedent did not intend, by creating the account, to give to the defendant, Joseph, whatever remained in the account at the time of her death.
Gen. Stat. Sec. 36a-290, the governing statute applicable here reads as follows: "The establishment of a deposit account or share account which is a joint account under subsection (a) of this section is, in the absence of fraud or undue influence, or other clear and convincing evidence to the contrary, prima facie CT Page 14466 evidence of the intention of all owners thereof to vest title to such account, including all subsequent deposits and additions thereto, in such survivor or survivors in any action..
In essence, in order to prevail a challenger must overcome, by clear and convincing evidence, the statutory rebuttable presumption that it was the intention of all the owners thereof to create a joint account with the rights of survivorship.
The court expressly finds:
1. On July 6, 1993, the defendant, Joseph Dinegar and his mother, Jean V. R. Dinegar opened a joint share account CSECU Number 2532110 in the amount of $125,304.80
2. The source of said funds was an inheritance that Jean V. R. Dinegar received from her mothers estate.
3. It was the intent of the parties to create a joint account with survivorship.
4. Jean V. R. Dinegar intended that the account, upon her death, vest solely in the defendant, Joseph Dinegar.
5. Jean V. R. Dinegar's intention in creating the joint account was to exclude the plaintiff, Wilbur R. Dinegar and the defendant, Harriet D. Milks from sharing in the proceeds.
6. Jean V. R. Dinegar did not intend to create a trust, resulting, constructive, or otherwise when she opened the joint share account with her son, the defendant, Joseph Dinegar.
In order to defeat the intent to create a joint survivorship account on the part of Jean V. R. Dinegar, the plaintiff has the burden to prove by clear and convincing evidence that Mrs. Dinegar was induced to create the account by fraud, undue influence or other clear and convincing evidence to the contrary. Gen. Stat Sec. 36a-290(b).
To satisfy the standard for clear and convincing evidence, the plaintiff must prove that, "the evidence induces in the mind of a trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than probability that they are false or do not exist." Miller v. Commissioner of Corrections, CT Page 14467242 Conn. 745, 794 (1997) quoting, State v. Bonello, 210 Conn. 51, 66 cert. denied, 490 U.S. 1082, 109 S.Ct. 3268, 106 L.Ed.2d 612 (1989). The Connecticut Supreme Court has defined "clear and convincing" as a very demanding standard that should be understood as such and should operate as a weighty caution on the minds of judges and forbids relief whenever the evidence is loose, equivocal or contradictory Id. at 795.
Here the plaintiff has failed to persuade the court by clear and convincing evidence that Jean V. R. Dinegar did not intend to create a joint share survivorship account with her son, Joseph Dinegar.
Accordingly, judgement may enter for the defendant, Joseph Dinegar, against the plaintiff, Wilbur Dinegar and the defendant Harriet D. Milks, wherein it adjudged that Connecticut State Employees Credit Union Account Number 2532110 is not an asset of the probate estate of Jean V. R. Dinegar, legal title having vested in the defendant, Joseph Dinegar upon her death. The funds in said account, not being a part of the estate of Jean V. R. Dinegar, should not appear in the inventory and final account of said estate.
Ordered, that the clerk of this court submit a certified copy of this judgment to the probate court for the district of Haddam and to the Hon. Helen B. Bennet of the probate court for the district of Saybrook.
Judgment to enter with costs to the defendant, Joseph Dinegar only.
SPALLONE STATE TRIAL REFEREE